O’Neall, J.
delivered the opinion of the Court.
As to the first ground, I think the fact that the note was destroyed, dispensed with strict proof. Whatever satisfied the jury that it once existed, was enough. In the testimony of Mrs. Willis, a sister of the defendant, proof may be found quite sufficient to establish the note. For she proves a settlement between the plaintiff’s intestate and the defendant, at her house, in the fall of 1832 (Nov.): the next morning the intestate, she says, exhibited to her a note on her brother James, the defendant, for $444. She says she looked at it; and it is to be inferred (especially as I see, from the depositions, she writes her own name,) that if she had not known her brother’s hand-writing she would have said so, and not have spoken of the note in the manner in which she did.
2d. The description of the note, in the declaration, containing blanks as to the time after the date when it was due and payable, and also as to the date of the note, was no doubt technically insufficient, and might have been ground for special demurrer: but as the count contains an averment that “the sum of money in the said promissory note hath been long due and payable,” &c. this will, after verdict, sustain the recovery. Indeed any general description of a'lost paper will be sufficient. After verdict, the Court will regard the declaration as a general description of a lost note, and that it was due and payable before it was destroyed; and this conforms to the verdict, which gives interest from the 1st Jan. 1834, more than a year after the note was made, and after a payment had been made upon it.
*165 3d. It does not appear that the Judge gavo the instruction, as set out in this ground. Instead of it, he left the question of payment, with very proper remarks, to the jury, unless it be that there was some slight error in saying to them that the observations of Henry Long, proved by his mother, that “he would never claim any thing from James; that he had already collected more by debts due and owing to James than he expected, and live or die he.should never pay him one cent,” were not ex vi-termini an extinguishment or release of the note; that they were revocable, and the jury might, if they so concluded, regard his expressed intention revoked, by retaining the note — by entering no satisfaction on it — by not remitting it to James, or destroying it. I agree with the Judge that these observations of Henry Long could not have any effect as a release, discharge, or extinguishment of the debt. It was, as he afterwards submitted to the jury, merely evidence of payment. There was not, however, any thing of a revocable character in it, and no inference of any kind ought to have been made from the few days intervening between the observations and the sudden termination of Henry Long’s life.
4th. But on the fourth ground wé think a new trial ought to be had. The evidence of payment is certainly very strong. Ninety dollars was paid in the mare. That has been deducted, and so far all is right. But how much did he receive otherwise? His sister says Henry Long said “he had accounts to collect for Jamesto his mother he said that “he should never claim any thing from James — he said he had already collected more by debts that were due and owing to James Long, in this country, than he ever expected, and let him live or die, he should never pay him one cent.” The inference would be ordinarily, from such proof, that the debt had been paid. When to this is added the fact that the mother of both Henry and James, soon after the death of the former, when his papers were examined and this note was found, repeated this declaration, and as the result of her conviction that the note ought not to have effect, ordered it to be burnt, and it was accordingly so done, it furnishes another strong circumstance in aid of the inference of payment. It is true the jury have found otherwise, and generally, I concede, their verdict ought to conclude the matter. But as it is manifest a payment beyond what they have allowed was made, in the collection of James Long’s accounts, and as more than eleven years passed away after the death of Henry Long before this action was brought, we think the case deserves another investigation, in which, perhaps, more light can be *166 obtained. But as this is -very much a favor to the defendant, we will not suffer him to obtain any advantage by varying the pleadings. The case must be tried again, on the pleadings as they now stand. For the leave to plead the statute of limitations or any other plea, on granting a new trial, is altogether a matter of discretion in the Court.—Lamar v. Roundtree & Glover, 1 Brev. Rep. 164.
The motion for a new- trial, subject to the restriction that the case is to be tried on the pleadings as they now are, is granted.
The whole Court concurred.

Motion granted.